13   625
156a 692

---

# FOURTH DEPARTMENT, JANUARY TERM, 1897.

Charles R. Hastings, Respondent, v. James P. McDonough, Appellant. — Judgment affirmed on the opinion of the referee, with costs. All concurred. The following is the opinion of the referee:

W. H. CUDDEBACK, Referee: In the year 1883 David R. Morse was the owner of a tract of land lying on the east side of Elmwood avenue and north of Ferry street, in the city of Buffalo. The east line of the land was about 408.5 feet east of Elmwood avenue. In April, 1883, the city laid out Cleveland street, which runs east from Elmwood avenue through and beyond Morse's land. The southerly line of Cleveland street, as thus laid out, is 669 feet north of the north line of Ferry street and parallel therewith. In the year 1884 Morse plotted the said land owned by him, and Marsden Davey, surveyor, made a map thereof, which was filed in the Erie county clerk's office September 20, 1884, under map cover 220. By deed dated September 19, 1884, Morse conveyed lot fifty-eight (58) on Davey's map, and by divers mesne conveyances the plaintiff, on July 1, 1890, became the owner of the lot. By deed dated October 1, 1884, Morse conveyed lot fifty-seven (57) on said map, and the defendant obtained title thereto through divers mesne conveyances on October 19, 1894. Lot fifty-eight (58) is described in the deed from Morse as being thirty-eight (38) feet front, with its northerly line one hundred and forty-eight (.48) feet south of the southerly line of Cleveland street, and lot fifty-seven (57) is described in the deed from Morse as being thirty-seven (37) feet front with its northerly line 111 feet south of the southerly line of Cleveland street. Lot number fifty-eight (58) adjoins lot number fifty-seven (57) on the north. The complaint in this action is that the defendant has built a house on his

lot fifty-seven (57) which encroaches on the plaintiff's lot about sixteen (16) inches. The controversy between the parties turns on the location of the south line of Cleveland street. As has been said, the city laid out Cleveland street 669 feet north of Ferry street and parallel therewith. The plaintiff contends that all measurements should be taken from the line thus established. The defendant contends that the map made by Davey shows the south line of Cleveland street to be but 667.62 feet north of Ferry street, and inasmuch as the conveyances from Morse and the plaintiff's complaint make a special reference to this map, the line located by it should govern. I have reached the conclusion that the plaintiff's claims in regard to the south line of Cleveland street should prevail. When the deeds from Morse were executed and the map was made, Cleveland street had been established, and its lines were matters of public record. It must be held that the deeds and map were made with regard to these lines, which are monuments of a high order, unless a contrary intention appears. I do not think that the descriptions in the deeds or the lines on the map when properly interpreted show a contrary intention or justify a different conclusion. In arriving at this decision, I reject the testimony offered to show that this map was merely a preliminary survey submitted to Mr. Morse for his approval. That may have been the surveyor's idea, but the owner and his grantees evidently had a different notion. The map and deeds were made at about the same time, and the map was filed at about the same time the deeds were recorded. I have no doubt that the description of the lots conveyed was taken from this map, which is very particularly mentioned in the deeds. The argument of the defendant is, that any person seeking to locate lots fifty-seven and fifty-eight, as conveyed by Morse, and as described in the complaint, might properly turn to the map and follow solely the information there obtained. Assuming this to be so, what does the map show? On referring to the map it will be found that it shows the distance from Ferry street to Cleveland street on a line 408.5 feet east of Elmwood avenue, which was the east line of Morse's land, to be 667.62 feet. It also shows certain subdivision lots on Elmwood avenue between Ferry street and Cleveland street. The aggregate of the frontages of these subdivision lots on Elmwood avenue is six hundred and sixty-nine (669) feet. The frontage of one of these subdivision lots (58) is given as "a. 38." The defendant attached considerable importance to the fact that the frontage of this subdivision lot is given as indicated, and contends that it is indefinite, and, therefore, the aggregate of the frontage of the subdivision lots should not be taken as the distance between Ferry street and Cleveland street on Elmwood avenue. But the "a. 38" simply means that the lot is "about" thirty-eight (38) feet front. I think that must be taken as its true width unless it is found to be in conflict with measurements from well-established monuments existing upon the ground platted. There are no figures upon the map to show the distance between Ferry street and Cleveland street other than those above mentioned. Neither does the map show that Ferry street and Cleveland street are parallel. A person, therefore, examining the map would not be warranted in assuming that Cleveland street is but 667 62 feet from Ferry street on the line of Elmwood avenue, because that is the distance between the streets 408.5 feet farther east. On the contrary, the aggregate

of the frontage of the subdivision lots fronting on Elmwood avenue would show the distance there between Ferry street and Cleveland street to be 669 feet. I regard as unsound the argument of the defendant that he had the right to depend solely on the map referred to in the deeds from Morse to locate the line of his lot, or that I, as referee, should blindly follow the map in deciding the case. Maps and descriptions in deeds must be interpreted with regard to the monuments found upon the ground when it is sought to apply them to the land to which they relate. But following this map as closely as may be, it does not indicate any intention of the parties to the conveyances or of the plaintiff in this complaint, to disregard the line of Cleveland street as an existing highway, and to recognize an imaginary street line sixteen inches farther south. It was proved on the trial of the action that after the conveyances by Morse, the city paved Cleveland street, and located the center line of the pavement about sixteen inches south of the center line of the street as the street was laid out in 1883. The defendant regards this fact as strong evidence in his favor. But it is a condition of things that did not exist at the time of the execution and delivery of the deeds by Morse, or at the time the map was made by Davey, and I do not see how it is of much importance in construing those deeds or in locating the lines on the map. Why the city laid the center line of the pavement south of the center line of the street does not appear. Whether it was done intentionally or through mistake of the engineer who set the stakes for the pavement is not shown. But certainly the city might lay the pavement wherever it chose, so long as it kept within the street line ; and I know of no rule of law which makes the center line of the pavement the center line of the street in which it is laid. I believe, however, that the defendant in this action was led to erect his house over the south line of his lot, because the surveyor employed by him assumed that the center line of the pavement in Cleveland street was the center line of the street, and on that assumption located the south line of the defendant's lot sixteen inches out of the way. On the trial of the action I understood that if the plaintiff's claim as to the location of the south line of Cleveland street was allowed, it would throw out of line the fence erected by the owners of the lots lying between the defendant's lot and Cleveland street. If that were so, I might hesitate before rendering a decision that would disturb a monument or boundary line that had been taken and regarded as correct by so many people. But I find on more careful examination of the map (Defendant's Exhibit 1) that the fences of the lot owners between the defendant's lot and Cleveland street were erected with reference to the true line of Cleveland street as laid out by the city, or very nearly so, and that my understanding of the facts in that regard at the time of trial was erroneous. Findings may be settled in accordance with this decision at any time.